CURTIS R. TINGLEY (SBN 112322)
ctingley@tingleyllp.com
KEVIN P. O'BRIEN (SBN 215148)
kobrien@tingleyllp.com
KEVIN W. ISAACSON (SBN 281067)
kisaacson@tingleyllp.com
TINGLEY PIONTKOWSKI LLP
10 Almaden Boulevard, Suite 430
San Jose, California 95113
Telephone:   (408) 283-7000
Facsimile:    (408) 283-7010

Attorneys for Defendant
GOLDEN HARVEST INVESTMENT AND TRADING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GUCCI AMERICA, INC., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>GOLDEN HARVEST INVESTMENT AND TRADING, INC., a California corporation; TNL aka T & L T SHIRT, an entity of unknown make-up; CYNTHIA CHAN KING, an individual, dba CHANS ART & GIFTS dba CHAN & ART & GIFTS dba CHAN'S ART & GIFTS dba CHAN ART GIFTS; DOE 1 doing business at 615 GRANT AVENUE, an entity of unknown make-up; and DOES 2-10,<br><br>Defendants. | CASE NO. CV13-01197 NC<br><br>**ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Defendant GOLDEN HARVEST INVESTMENT AND TRADING, INC. (hereinafter "DEFENDANT") to herewith answer the Complaint:

1.      Answering Paragraph 1 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies the allegations contained therein.

2.      Answering Paragraph 2 of Plaintiff's Complaint, DEFENDANT denies the

4FE7847E.doc

TINGLEY
PIONTKOWSKI LLP
ATTORNEYS AT LAW

ANSWER TO COMPLAINT
CASE NO. CV13-01197 NC

allegations contained therein.

3. Answering Paragraph 3 of Plaintiff's Complaint, DEFENDANT admits the allegations contained therein.

4. Answering Paragraph 4 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies the allegations contained therein.

5. Answering Paragraph 5 of Plaintiff's Complaint, DEFENDANT admits that Golden Harvest Investment and Trading, Inc., is a California corporation and denies the remaining allegations contained therein.

6. Answering Paragraph 6 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies the allegations contained therein.

7. Answering Paragraph 7 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies the allegations contained therein.

8. Answering Paragraph 8 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies the allegations contained therein.

9. Answering Paragraph 9 of Plaintiff's Complaint, DEFENDANT denies the allegations contained therein.

10. Answering Paragraph 10 of Plaintiff's Complaint, DEFENDANT denies the allegations contained therein.

11. Answering Paragraph 11 of Plaintiff's Complaint, DEFENDANT denies the allegations contained therein.

12. Answering Paragraph 12 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies the allegations contained therein.

13. Answering Paragraph 13 of Plaintiff's Complaint, DEFENDANT is without

sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies the allegations contained therein.

14. Answering Paragraph 14 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies the allegations contained therein.

15. Answering Paragraph 15 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies the allegations contained therein.

16. Answering Paragraph 16 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies the allegations contained therein.

17. Answering Paragraph 17 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies the allegations contained therein.

18. Answering Paragraph 18 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies the allegations contained therein.

19. Answering Paragraph 19 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies the allegations contained therein.

20. Answering Paragraph 20 of Plaintiff's Complaint, DEFENDANT denies the allegations contained therein.

21. Answering Paragraph 21 of Plaintiff's Complaint, DEFENDANT denies the allegations contained therein.

22. Answering Paragraph 22 of Plaintiff's Complaint, DEFENDANT denies the allegations contained therein.

23. Answering Paragraph 23 of Plaintiff's Complaint, DEFENDANT denies the allegations contained therein.

24. Answering Paragraph 24 of Plaintiff's Complaint, DEFENDANT denies the allegations contained therein.

25. Answering Paragraph 25 of Plaintiff's Complaint, DEFENDANT denies the allegations contained therein.

26. Answering Paragraph 26 of Plaintiff's Complaint, DEFENDANT denies the allegations contained therein.

27. Answering Paragraph 27 of Plaintiff's Complaint, DEFENDANT denies the allegations contained therein.

28. Answering Paragraph 28 of Plaintiff's Complaint, DEFENDANT denies the allegations contained therein.

29. Answering Paragraph 29 of Plaintiff's Complaint, DEFENDANT denies the allegations contained therein.

30. Answering Paragraph 30 of Plaintiff's Complaint, DEFENDANT denies the allegations contained therein.

31. Answering Paragraph 31 of Plaintiff's Complaint, DEFENDANT denies the allegations contained therein.

## COUNT I

32. Answering Paragraph 32 of Plaintiff's Complaint, DEFENDANT readopts and reasserts the responses set forth in Paragraphs 1 through 31 above.

33. Answering Paragraph 33 of Plaintiff's Complaint, DEFENDANT denies the allegations contained therein.

34. Answering Paragraph 34 of Plaintiff's Complaint, DEFENDANT denies the allegations contained therein.

35. Answering Paragraph 35 of Plaintiff's Complaint, DEFENDANT denies the allegations contained therein.

36. Answering Paragraph 36 of Plaintiff's Complaint, DEFENDANT denies the allegations contained therein.

37. Answering Paragraph 37 of Plaintiff's Complaint, DEFENDANT denies the

allegations contained therein.

38. Answering Paragraph 38 of Plaintiff's Complaint, DEFENDANT denies the allegations contained therein.

## COUNT II

39. Answering Paragraph 39 of Plaintiff's Complaint, DEFENDANT readopts and reasserts the responses set forth in Paragraphs 1 through 38 above.

40. Answering Paragraph 40 of Plaintiff's Complaint, DEFENDANT denies the allegations contained therein.

41. Answering Paragraph 41 of Plaintiff's Complaint, DEFENDANT denies the allegations contained therein.

42. Answering Paragraph 42 of Plaintiff's Complaint, DEFENDANT denies the allegations contained therein.

43. Answering Paragraph 43 of Plaintiff's Complaint, DEFENDANT denies the allegations contained therein.

44. Answering Paragraph 44 of Plaintiff's Complaint, DEFENDANT denies the allegations contained therein.

45. Answering Paragraph 45 of Plaintiff's Complaint, DEFENDANT denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

1. As for a first, separate and distinct affirmative defense to the Complaint, and each and every count therein, this answering DEFENDANT alleges that Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against DEFENDANT.

2. As for a second, separate and distinct affirmative defense to the Complaint, and each and every count therein, this answering DEFENDANT alleges that Plaintiff is barred by the Doctrine of Estoppel.

3. As for a third, separate and distinct affirmative defense to the Complaint, and each and every count therein, this answering DEFENDANT alleges that Plaintiff is barred by the Doctrine of Unclean Hands.

4. As for a fourth, separate and distinct affirmative defense to the Complaint, and each and every count therein, this answering DEFENDANT alleges that Plaintiff is barred by the Doctrine of Waiver.

5. As for a fifth, separate and distinct affirmative defense to the Complaint, and each and every count therein, this answering DEFENDANT alleges that, at all times and places mentioned herein, Plaintiff failed to mitigate the amount of damages. The damages claimed by Plaintiff could have been mitigated by due diligence on Plaintiff's part or by one acting under similar circumstances. The failure to mitigate is a bar to recovery under the Complaint.

6. As for a sixth, separate and distinct affirmative defense to the Complaint, and each and every count therein, this answering DEFENDANT alleges that each of the causes of action set forth in the Complaint is barred by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure §§ 337, 338, 339, 340, 343, California Civil Code § 3426.6, and 17 U.S.C. § 507.

7. As for a seventh, separate and distinct affirmative defense to the Complaint, and each and every count therein, this answering DEFENDANT alleges, on information and belief, that the sole and proximate cause of the acts complained of by Plaintiff were due to the acts and/or omissions of persons and entities other than DEFENDANT.

8. As for an eighth, separate and distinct affirmative defense to the Complaint, and each and every count therein, this answering DEFENDANT alleges that DEFENDANT's conduct was not the cause in fact or the proximate cause of any of the losses alleged by Plaintiff.

9. As for a ninth, separate and distinct affirmative defense to the Complaint, and each and every count therein, this answering DEFENDANT alleges that the causes of action set forth in the Complaint are, and each of them is, barred in whole or in part by the privilege of fair competition.

10. As for a tenth, separate and distinct affirmative defense to the Complaint, and each and every count therein, this answering DEFENDANT alleges that Plaintiff was negligent, careless, reckless, or otherwise at fault in and about the matters alleged in the Complaint.

11. As for an eleventh, separate and distinct affirmative defense to the Complaint, and

each and every count therein, this answering DEFENDANT alleges Plaintiff's actions are barred by an implied license.

12. As for a twelfth, separate and distinct affirmative defense to the Complaint, and each and every count therein, this answering DEFENDANT alleges that this Court lacks proper venue.

13. As for a thirteenth, separate and distinct affirmative defense to the Complaint, and each and every count therein, this answering DEFENDANT alleges that the Trademark Registrations alleged in the Complaint were improperly filed, if they were filed at all.

14. As for a fourteenth, separate and distinct affirmative defense to the Complaint, and each and every count therein, this answering DEFENDANT alleges that Plaintiff's alleged trademarks are weak and were not infringed.

15. As for a fifteenth, separate and distinct affirmative defense to the Complaint, and each and every count therein, this answering DEFENDANT alleges that Plaintiff is barred by the Doctrine of Laches.

16. As for a sixteenth, separate and distinct affirmative defense to the Complaint, and each and every count therein, this answering DEFENDANT alleges that Plaintiff's claims are barred as the trademarks in question are invalid and/or have lost any trademark protection that they might have had.

17. As for a seventeenth, separate and distinct affirmative defense to the Complaint, and each and every count therein, this answering DEFENDANT alleges that Plaintiff's claims are invalid as there has been no actual infringement.

18. As for an eighteenth, separate and distinct affirmative defense to the Complaint, and each and every count therein, this answering DEFENDANT alleges that Plaintiff's claims are barred by the First Sale Doctrine.

19. As for a nineteenth, separate and distinct affirmative defense to the Complaint, and each and every count therein, this answering DEFENDANT alleges that its actions constitute normative fair use, thereby invalidating the cause of action set forth in the Complaint.

20. As for a twentieth, separate and distinct affirmative defense to the Complaint, and

each and every count therein, this answering DEFENDANT alleges that Plaintiff has abandoned its alleged rights in the marks by acts which have caused the marks to lose their significance.

21. As for a twenty-first, separate and distinct affirmative defense to the Complaint, and each and every count therein, this answering DEFENDANT alleges that Plaintiff is barred by the Doctrine of Innocent Intent and that this answering DEFENDANT acted with innocent intent in the actions which were taken and made reasonable efforts to ensure that it was not required to obtain additional "permission" for the alleged actions set forth in the Complaint.

22. As for a twenty-second, separate and distinct affirmative defense to the Complaint, and each and every count therein, this answering DEFENDANT alleges that Plaintiff's state law and/or common law claims, if any, are preempted and/or displaced by federal law.

WHEREFORE, this answering DEFENDANT prays for judgment as follows:

1. That Plaintiff's request for damages be denied.
2. That Plaintiff's request for injunctive relief be denied;
3. For reasonable attorney's fees and costs of suit incurred therein; and
4. For such other and further relief as the Court deems proper.

Dated: April 15, 2013

TINGLEY PIONTKOWSKI LLP

By: _____
KEVIN P. O'BRIEN
Attorneys for Defendant
GOLDEN HARVEST INVESTMENT
AND TRADING INC.

## DEMAND FOR JURY TRIAL

DEFENDANT hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Court.

Dated: April 15, 2013                TINGLEY PIONTKOWSKI LLP

By: _____
KEVIN P. O'BRIEN
Attorneys for Defendant
GOLDEN HARVEST INVESTMENT
AND TRADING INC.